NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YANETH VALESKA LOPEZ BONILLA, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 22-1975 Agency No. A073-934-368 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2023**
Seattle, Washington

Before: McKEOWN and GOULD, Circuit Judges, and BENNETT, District
Judge.***

Yaneth Valeska Lopez Bonilla petitions for review of a Board of

Immigration Appeals ("BIA") dismissal of her appeal from an oral decision by an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

immigration judge ("IJ") denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and ordering her deportation to Honduras. Lopez Bonilla challenges the agency's adverse credibility determination, focusing on the agency's application of the maxim *falsus in uno, falsus in omnibus*. Lopez Bonilla also challenges the denial of CAT relief. We have jurisdiction under 8 U.S.C § 1252(a)(1), and we deny Lopez Bonilla's petition for review.

We review factual findings, including adverse credibility determinations, "under the deferential substantial evidence standard." *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). Under that standard, "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); 8 U.S.C. § 1252(b)(4)(B). Where "the BIA agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review both decisions." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016).

1. Substantial evidence does not compel a conclusion that Lopez Bonilla was credible. Lopez Bonilla had earlier submitted an application, later denied, that she knew was fraudulent. She also attempted to reenter the U.S. with the card of a lawful permanent resident which did not belong to her.

Lopez Bonilla's reopened application centers around the same underlying

facts of her previous fraudulent application. Although Lopez Bonilla submitted corroborating evidence related to her new asylum claims, the IJ and BIA both noted that the evidence did not specifically support her new version of events.

In making its adverse credibility determination, the agency relied on the maxim *falsus in uno, falsus in omnibus*, Latin for "false in one thing, false in all." That maxim is a tool that "allows a fact-finder to disbelieve a witness's entire testimony if the witness makes a *material* and *conscious* falsehood in one aspect of [their] testimony." *Li v. Holder*, 738 F.3d 1160, 1163 (9th Cir. 2013) (emphasis in original) (citing *Cvitkovic v. United States*, 41 F.2d 682, 684 (9th Cir. 1930)); *Falsus In Uno Doctrine*, BLACK'S LAW DICTIONARY (11th ed. 2019). We have allowed IJs to use this maxim in their factfinding, which includes credibility determinations. *Li*, 738 F.3d at 1162. We need not decide on an absolute rule as to when this maxim can be considered in all cases, or when it can be rebutted. It is sufficient to decide this case merely to note that the false statements made by Lopez Bonilla in the prior application are substantial evidence supporting the adverse credibility determination.

2. Nor does substantial evidence compel us to reverse the agency's denial of CAT relief. "To be eligible for relief under CAT, an applicant bears the burden of establishing that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country." *Xochihua-*

*Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). The agency found that Lopez Bonilla "did not establish that she would be tortured by or with the consent or acquiescence of a public official in Honduras or that the government of Honduras may be willfully blind to her torture." The harms Lopez Bonilla experienced—and the future harms she fears—revolve around her past assailant, who she testified is now serving a long prison sentence. That fact reasonably leads to the agency's conclusions (1) that there is a low probability that he would subject her to future torture, and (2) that there is no clear nexus between the torture Lopez Bonilla fears and government acquiescence because the government has punished her assailant for his violence against women. There was no clear error in these agency findings.

**PETITION FOR REVIEW DENIED.**